State Board of Tax Appeals.

THE CRAFTSMEN'S CLUB OF RAHWAY, PETITIONER, v. CITY OF RAHWAY, RESPONDENT.

Decided February 6, 1940.

For the petitioner, *David Armstrong.*

For the respondent, *Eugene F. Mainzer.*

Quinn, President. Petitioner is the owner of a three-story brick building which, together with the lot of land upon which it is situated, was duly assessed for taxation for the year 1938 by the respondent taxing district. An application for cancellation of the levy was dismissed by the Union County Board of Taxation. The present appeal from that determination is based upon the claim that the property in question is "used in the work and for the purposes of one or more fraternal organizations or lodges," within the scope of *Pamph. L.* 1936, *ch.* 46 (*R. S.* 54:4-3.26), which grants exemption from taxation to property so specified, provided that legal or beneficial ownership thereof is in one or more of such organizations and

that "no part of such property is used for pecuniary profit." Respondent relies upon the clause last quoted in resisting the exemption claimant and urges its applicability in the following state of facts.

Petitioner was incorporated in 1905 for the ostensible and stated purpose of cultivating social relations among its members, but actually to constitute a holding company for realty to be acquired by the Masonic organization, Lafayette Lodge No. 27, F. & A. M., Rahway, New Jersey, it being provided that membership in the Craftsmen's Club was open to any member in good standing of the lodge and that three of its seven trustees must be past masters thereof. Shortly thereafter the club took title to the plot of land under appeal and later constructed the building now on the premises, raising part of the requisite funds through the sale of bonds to members of the lodge and others. Until April, 1937, the ground floor of the building was occupied by a United States post office, but on the assessing date for the tax year 1938 the premises served no uses other than as a place for meetings and the conduct of lodge activities by the Lafayette Lodge, the Royal Arch Chapter, The Order of the Eastern Star, DeMolay Chapter and the Order of Odd Fellows. The first four named organizations are all affiliated Masonic groups. The last is an independent fraternal association organized on the lodge plan. Each contributed a fixed annual fee to the holding company, the largest amount being paid by the Lafayette Lodge, actually the beneficial owner of the premises.

The circumstances set out clearly substantiate petitioner's contention that we are here confronted simply with the carrying out of a plan for the maintenance of a building for the use of several fraternal organizations through their joint financial support of the operating company which holds the title for the members of one of the said organizations. The fact that one of the organizations in question, the Odd Fellows, is independent of and free from affiliation with the others does not militate against the operation of the exemption statute, since that is specifically applicable where the property in question is used "for the purposes of *one or more* fraternal organizations, &c."

The situation before us is readily distinguishable from that with which we were confronted in *Fifty-Six Seminary Avenue Corp.* v. *City of Rahway (State Board)*, filed April 4th, 1939. There we found to exist the regular and continuous practice by a fraternal organization of renting its meeting rooms to the general public at large at regular rates, in much the same manner of operation as exercised by public meeting halls for hire. We found this practice to constitute a use of the building for pecuniary profit in the sense that it partook of a character ordinarily calculated to render pecuniary profit, as exercised by persons or corporations generally. See the definition of this test in *Benevolent Protective Order of Elks, Lodge No. 233*, v. *Borough of Red Bank (State Board)*, filed January 24th, 1939, followed in *Hoboken Lodge No. 74, Benevolent Protective Order of Elks of America* v. *City of Hoboken (State Board)*, filed February 21st, 1939, *affirmed, City of Hoboken* v. *Hoboken Lodge No. 74, B. P. O. Elks of America (Supreme Court, 1939)*, 123 *N. J. L.* 506; 9 *Atl. Rep. (2d)* 783.

Nor does the fact that the building was originally constructed with the proceeds of bonds invested in for profit by numerous individuals have any material bearing upon the issue before us. The benefit, if any, to such investors, resulting from the payment to them of interest or principal on their bonds, no more subjects the property to the characterization of use for profit than would the payment by petitioner to commercial interests for such services as light, heat and telephone.

For the reasons stated the judgment of the Union County Board of Taxation is reversed, and the assessment ordered canceled.